UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| OZHAWAASKOO GIISHIG,<br>a/k/a GUY GREENE,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF<br>HEALTH & HUMAN SERVICES<br>KATHLEEN SIBELIUS, UNITED STATES<br>DEPARTMENT OF THE INTERIOR<br>KEN SALAZAR, and UNITED STATES<br>DEPARTMENT OF JUSTICE<br>ERIC HOLDER,<br><br>        Defendants. | Civil No. 10-3607 (MJD/AJB)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff commenced this action by filing a complaint in the United States District Court for the District of Columbia. The case was transferred to the District of Minnesota, because Plaintiff resides in Minnesota, and his claims apparently arose in Minnesota. (See "Transfer Order" dated March 26, 2010; [Docket No. 4].)

When Plaintiff commenced this action, he did not pay the $350 filing fee prescribed by 28 U.S.C. § 1914(a), but he instead filed an application for leave to proceed in forma pauperis, ("IFP"), pursuant to 28 U.S.C. § 1915(a). (Docket No. 2.) The District of Columbia Court did not address Plaintiff's IFP application before the case was transferred, and the Transfer Order specifically states that "[w]hether plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court." (Id.) Therefore, Plaintiff's IFP application must be addressed at this time.

The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, Plaintiff is attempting to sue three federal agencies and/or their respective Cabinet level administrators – (1) United States Department of Health and Human Services and/or Kathleen Sibelius, (2) United States Department of the Interior and/or Ken Salazar, and (3) United States Department of Justice and/or Eric Holder.

Plaintiff's action purportedly is brought under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. §§ 2671 et seq. The FTCA generally allows individuals to sue the United States for injuries caused by torts committed by federal employees during the course of their federal employment. However, Plaintiff's complaint does not state an actionable FTCA claim, because it does not describe any specific acts or omissions by any of the named Defendants that would cause them to be liable under any discernible tort law principle.

Most of Plaintiff's complaint is incomprehensible, and the parts of the complaint that can be understood are wholly conclusory. There are no factual allegations describing what, specifically, the Defendants allegedly did, or failed to do, that supposedly should cause them to be liable to Plaintiff under common law tort principles. Thus, the Court finds that Plaintiff has failed to plead an actionable FTCA claim.

The only discernible claim for relief in Plaintiff's complaint is wholly unrelated to any common law tort principles. Plaintiff is asking the federal court to compel the United States Attorney General to prosecute federal criminal charges against various employees of the State of Minnesota. (It is not clear who Plaintiff believes should be charged, or what crimes he believes were committed.) That request is clearly unsustainable. The courts do not decide whether an individual should be charged with a crime; that responsibility rests solely with the executive branch of the federal government. See United States v. Nixon, 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); United States v. Smith, 231 F.3d 800, 807 (11th Cir. 2000) ("The decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced."), cert. denied, 532 U.S. 1019 (2001).

In sum, the Court finds that Plaintiff's complaint fails to state any cause of action on which relief can be granted, because it does not describe any specific acts or omissions by any of the Defendants that could cause any of them to be liable to Plaintiff under the FTCA – or any other legal theory. The Court will therefore recommend that Plaintiff's IFP application be denied, and that this action be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Having determined that Plaintiff's complaint should be summarily

dismissed because it fails to state any actionable claim for relief, the Court will also recommend that Plaintiff's pending motion for appointment of counsel, (Docket No. 3), be summarily denied. See Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief)

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 3), be **DENIED**; and

3. This action be summarily **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: September 2, 2010

    s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 16, 2010.